UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| AMERISURE INSURANCE COMPANY A/S/O BOGGS TRANSPORT, | ) ) ) ) | Civil Action No. |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT** |
| OX BODIES, INC., | ) ) ) | |
| Defendant. | ) ) ) ) | |
| _____ | ) | |

Plaintiff, Amerisure Mutual Insurance Company a/s/o Boggs Transport files the following Complaint and, in support thereof, avers as follows:

1.      Plaintiff is Amerisure Mutual Insurance Company ("AMIC"), a licensed commercial insurance carrier incorporated in the State of Michigan with a principal place of business in Michigan.

2.      Boggs Transportation is a South Carolina corporation located at 1104 West McGregor Street, Pageland SC  29728

3.      At all materials times hereto, AMIC was the insurance carrier for Boggs.

4.      Ox Bodies, Inc. is an Alabama Corporation with a principal place of business in Alabama and a registered address of 2 North Jackson Street, Suite, 605, Montgomery, AL 36104.

5.      Jurisdiction in this Court is based upon diversity of citizenship pursuant to 28 U.S.C. §1332 as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

6.    Venue is proper pursuant to 28 U.S.C. §1391(b)(1) as the incident in question occurred within South Carolina.

7.    On March 19, 2021, Boggs purchased several vehicles from JMWood Auction Company, Inc., including the vehicles involved in the subject incident.

8.    On April 10, 2022, while parked in the vehicle yard of Boggs, Truck No. 3-863, a 2020 vehicle with vehicle identification number 1M2GR4GC7LM016748 caught fire.

9.    Truck No. 3-863 is an OX Bodies vehicle, having an Ox Bodies plate on the vehicle as follows:



10.    The fire occurred while the vehicle was parked and not operating.

11.    The fire was caused by the failure of electrical components in the engine/battery area of the vehicle which were installed and assembled by Defendant before the sale of the vehicle.

12.     As a result of the fire and its spread, the following vehicles were also damaged in the conflagration:

    a.    3-876 - 2021 - 1M2GR4GC1MM022871
    b.    3-862 - 2020 - 1M2GR4GC4LM016741
    c.    3-859 - 2020 - 1M2GR4GC0LM016719
    d.    3-867 - 2021 - 1M2GR4GC9MM020298

13.     The total loss of all five vehicles is $1,163,437.00.

14.     The vehicles were placed into the stream of commerce by Defendant in a sale to the State of Alabama.

15.     The vehicles were purchased by Boggs Transport soon after they were purchased by the State of Alabama.

16.     The component that failed and started the fire is a component that was installed at assembly of the vehicle in question and the replacement part is available for purchase on Defendant's website.

17.     The vehicle had been utilized for its intended purpose prior to the date of the fire.

18.     The vehicle had not been misused or abused prior to the fire.

19.     The defect in the vehicle was in place at the time it left the custody and control of Defendant.

## COUNT I – NEGLIGENCE

20.     Plaintiff hereby incorporates the above referenced paragraphs as though more fully set forth herein.

21.     Defendant was the only entity responsible for selecting the components for installation into the vehicle, assembling the vehicle, and performing quality assurance on its vehicle.

22.    Defendant was negligent and careless as follows:

    a.   Failing to properly investigate the component parts installed in the vehicle.

    b.   Failing to properly test the component parts installed in the vehicle.

    c.   Failing to properly assemble the component parts installed in the vehicle.

    d.   Failing to ensure that electrical components were protected from the elements.

    e.   Failing to properly hire and train its employees in how to properly assemble the vehicle in question.

    f.   Failing to perform quality assurance on the vehicles before sale.

    g.   Failing to warn customers of the dangers that these components represent when exposed to the elements.

    h.   Failing to alert customers of the potential of the danger that these components represent when exposed to the elements.

    i.   Failing to undertake efforts to protect these components from the elements.

23.    As a result of the negligence and carelessness of Defendant, Plaintiff has incurred significant damages.

WHEREFORE, Plaintiff requests damages in the amount of $1,163,437.00, plus costs, interest, and such other relief as this Honorable Court deems appropriate.

## COUNT II – STRICT LIABILITY

24.    Plaintiff hereby incorporates the above referenced paragraphs as though more fully set forth herein.

25.    Defendant assembled, manufactured, sold, marketed, and distributed the vehicle which was expected by Defendant to reach the ultimate user, without substantial change in the condition of the components at the time the vehicle left Defendant's possession.

26.     At all times hereto, Defendant was in the business of assembling, manufacturing and selling the vehicles identified above, including the one that catastrophically failed in the within action.

27.     At the time that the vehicle was placed into the stream of commerce by Defendant it was in a defective condition, unreasonably dangerous to the ultimate user.

28,     The defects present at the time Defendant sold and distributed the vehicle in question into the stream of commerce were:

      a.     Compromised electrical system.

      b.     Inadequately installed components and electrical system.

      c.     Improperly inspected vehicle.

      d.     Improperly assembled vehicle.

      e.     Components that were not properly protected from the elements.

      f.     Failure to warn end users of the possibility of water infiltration into certain components that could lead to catastrophic damages.

29.     At the time of the fire, the vehicle had suffered no prior damages.

30.     Defendant is strictly liable for the damages suffered by Plaintiff as it:

      a.     Is the manufacturer of the vehicle under Section 6-5-501(2)(a).

      b.     It exercised substantial control over the design, testing, and manufacture of the vehicle.

31.     As a result of the actions of Defendant, Plaintiff has incurred significant damages.

WHEREFORE, Plaintiff requests damages in the amount of $1,163,437.00, plus costs, interest, and such other relief as this Honorable Court deems appropriate.

## COUNT III – BREACH OF WARRANTY MERCHANTABILITY AND FITNESS FOR PARTICULAR PURPOSE

32.    Plaintiff hereby incorporates the above referenced paragraphs as though more fully set forth herein.

33.    Defendant knew or had reason to know of the intended use of the structure and impliedly warranted, amongst other things, that the vehicle would was fit for the intended use under the conditions for which it was being utilized.

34.    The vehicle was inadequate and unsafe for its intended and foreseeable use.

35.    Defendant breached the implied warranty of merchantability and fitness for a particular purpose by selling the vehicle with contained defective and unreasonable dangerous parts which were likely to fail.

36.    As a result of the actions of Defendant, Plaintiff has incurred significant damages.

WHEREFORE, Plaintiff requests damages in the amount of $1,163,437.00, plus costs, interest, and such other relief as this Honorable Court deems appropriate.

MCANGUS GOUDELOCK & COURIE, L.L.C.

*s/ Dominic A. Starr*

DOMINIC A. STARR
Federal Bar No. 6025
dominic.starr@mgclaw.com
Post Office Box 1349
2411 North Oak Street, Suite 401 (29577)
Myrtle Beach, South Carolina 29578
Telephone: (843) 848-6000
Facsimile: (843) 449-2306
ATTORNEY FOR AMERISURE INSURANCE
COMPANY A/S/O BOGGS TRANSPORT

June 2, 2023